NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.



# SUPREME COURT OF GEORGIA
Case No. S24C0848

December 10, 2024

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

TRENT SPECKHALS et al. v. GOLF & TENNIS PRO SHOP, INC. et al.

The Supreme Court today denied the petition for certiorari in this case.

*All the Justices concur.*

Court of Appeals Case No. A23A1532

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Clerk

In the Supreme Court of Georgia

Decided: December 10, 2024

S24C0848.  SPECKHALS et al. v. GOLF & TENNIS PRO SHOP, INC. et al.

WARREN, Justice, concurring in the denial of certiorari.

In this breach of contract action, involving whether petitioners Trent Speckhals and Jorge Cora could exercise warrants for the purchase of stock in Golf & Tennis Pro Shop, Inc. d/b/a PGA Tour Superstore ("GTPS"), petitioners contend that the Court of Appeals erred by summarily affirming under that court's Rule 36 the trial court's grant of summary judgment to respondents (GTPS, AMB Group LLC, and John Does 1-3) and denial of petitioners' motion for summary judgment.  They also contend that the Court of Appeals erred by affirming under Rule 36 the trial court's ruling granting respondents' motion to strike certain documents that petitioners filed in opposition to respondents' motion for summary judgment.  In

this regard, petitioners assert that the trial court's determination that those documents were untimely filed under OCGA § 9-11-6 (e)— and the Court of Appeals's affirmance of that ruling—were erroneous.

Petitioners' first contention presents a fact-specific issue that asks for no more than error correction. However, petitioners present a second question that is of "great concern, gravity, [and] importance to the public": whether OCGA § 9-11-6 (e) applies to email service generated by an electronic filing service provider.[1] For the reasons that follow—and particularly given that the trial court offered an alternate ground for deciding the summary judgment motion and the Court of Appeals's summary ruling may well have affirmed on that alternative ground instead of the statutory ground—I agree that we should not grant certiorari to answer that question in this

---

[1] Petitioners also briefly assert a third contention: that we should grant certiorari on the issue of the stricken documents to address whether, alternatively, certain affidavits included in those documents were timely filed under OCGA § 9-11-56 (c), which says that a party opposing a motion for summary judgment "may serve opposing affidavits" "prior to the day of [the] hearing" on the motion. But because, in my view, all of petitioners' documents opposing the motion for summary judgment were timely filed under OCGA § 9-11-6 (e), I do not address timeliness under OCGA § 9-11-56 (c).

case. But I write separately to express my concern about the trial court's interpretation of OCGA § 9-11-6 (e).

1. The factual scenario in which this legal question arises illustrates the interpretive question the trial court had to answer here. Petitioners moved for summary judgment; respondents opposed it and filed a cross-motion for summary judgment; and then petitioners filed a response opposing the cross-motion. The problem—at least according to the trial court—is that petitioners filed their response in opposition 33 days after respondents filed their cross-motion.

Generally, a party responding to a motion for summary judgment (here, a cross-motion) has 30 days to respond to that motion. See Uniform Superior Court Rule 6.2. But OCGA § 9-11-6 (e) provides three additional days to respond when notice of the document the party is responding to has been served by email. See OCGA § 9-11-6 (e) ("*Additional time after service by mail or e-mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a

4

notice or other paper, other than process, upon him or her, and the notice or paper is served upon the party by mail or e-mail, three days shall be added to the prescribed period.").  Petitioners contend that OCGA § 9-11-6 (e) provided them three additional days to respond to respondents' cross-motion for summary judgment because notice of that motion was served by an email generated by an electronic filing service provider and that they accordingly relied on OCGA § 9-11-6 (e) when they filed their response 33 days after respondents filed their cross-motion.

The trial court disagreed and concluded that OCGA § 9-11-6 (e) did not provide three additional days for petitioners to respond because "[t]he 3-day rule applies to service by mail or e-mail, but not to service by electronic filing."  The court reached this conclusion even after acknowledging that "the electronic filing system does send an e-mail alert to registrants after an electronic filing."  The trial court therefore granted respondents' motion to strike petitioners' response, and the Court of Appeals, relying on its Rule 36, summarily affirmed the trial court's order, including its

5

interpretation of OCGA § 9-11-6 (e), in an unpublished opinion.

2. I do not agree with the trial court's interpretation of OCGA § 9-11-6 (e); as explained below, the text of OCGA § 9-11-6 (e) does not appear to support the trial court's construction of that provision. And I am concerned that the trial court's conclusion about the inapplicability of the three-day rule to email notices generated by, and served from, an electronic filing service provider will cause confusion among litigants—plaintiffs, defendants, and other interested parties—across Georgia. As amici point out, "Lawyers and litigants can no longer rely on what was previously considered clear—that under [OCGA] § 9-11-6 (e), three days were added to the time to respond after receiving service by e-mail of e-filed documents."[2]

"When presented with a question of statutory interpretation, we begin by examining the statute's plain language, reading the text 'in its most natural and reasonable way, as an ordinary speaker of

---

[2] I thank counsel for amici curiae Thirty-Seven Georgia Attorneys in Support of Certiorari for a thoughtful amicus brief.

the English language would.'" *Green v. State*, 311 Ga. 238, 242 (857 SE2d 199) (2021) (citation omitted). And "'we must afford the statutory text its plain and ordinary meaning, [viewed] in the context in which it appears.'" Id. (citation omitted). The statute at issue here—OCGA § 9-11-6 (e)—is titled "[a]dditional time after service by mail or e-mail" and says, "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him or her, and the notice or paper is served upon the party by mail or e-mail, three days shall be added to the prescribed period." The plain language of OCGA § 9-11-6 (e) grants additional time to respond to a notice that is served by email. The statute says nothing about how that email is generated or sent, and it does not contain any exceptions—let alone some type of carve-out—for emails that are sent by an electronic filing service provider. That leads me to the conclusion that the text of OCGA § 9-11-6 (e) plainly applies the three-day rule to notices served by email, without expressly limiting its application to any particular sort of emails.

7

This reading of OCGA § 9-11-6 (e) is supported by the text of OCGA § 9-11-5 (b), which governs the methods of service of pleadings or other papers filed after an original complaint in civil cases. In this respect, OCGA § 9-11-5 (b) provides that service on a party's attorney shall be made "by delivering a copy" to the attorney or by "mailing" the copy to the attorney's address (or if no address is known, leaving it with the clerk of court). The statute defines "'delivery of a copy'" as follows: (1) handing the copy to the attorney; (2) leaving it at the attorney's office with a person in charge thereof (or if they have no office, at the attorney's dwelling house with a person of suitable age and discretion residing therein); or (3) "transmitting a copy via email in portable document format (PDF) to the [attorney] using all email addresses provided pursuant to subsection (f) of this Code section and showing in the subject line of the email message the words 'STATUTORY ELECTRONIC SERVICE' in capital letters." Under subsection (f), which governs the "[e]lectronic service of pleadings," a person may consent to being served with pleadings electronically in three ways: (1) by filing a

8

notice of consent to electronic service and including his email address; (2) by including his email address in or below the signature block of the complaint or answer; or (3) if the person is an attorney and files a pleading through an electronic filing service provider. In this third respect, OCGA § 9-11-5 (f) (4) says that the attorney will "be served electronically with future pleadings for such case at the primary email address on record with the electronic filing service provider."

Thus, the text of OCGA § 9-11-5 indicates that when a notice is served on an attorney who has consented to be served pursuant to an email generated by an electronic filing service provider under subsection (f) (4), service has been made by delivery of a copy of the notice by "transmitting [the] copy via email" under subsection (b). Because OCGA § 9-11-5 suggests that an email generated by an electronic filing service provider is an "email" for purposes of accomplishing service, it supports the view that OCGA § 9-11-6 (e)'s grant of additional time after service of a notice by "email" similarly encompasses emails generated by an electronic filing service

9

provider. For these reasons, I disagree with the trial court's determination that the three-day rule in OCGA § 9-11-6 (e) does not apply to service by electronic filing and with the Court of Appeals's summary affirmance of that ruling.[3]

3. This case, however, is not the appropriate vehicle to address the proper construction of OCGA § 9-11-6 (e). The trial court expressly noted in its ruling striking petitioners' response opposing respondents' motion for summary judgment that "consideration of these materials would not change the [c]ourt's decision on the cross-motions," so it seems that the court's exclusion of petitioners' response had no effect on its summary-judgment ruling. And in summarily affirming the trial court's judgment, the Court of Appeals did not expressly address in a published opinion the trial court's improper interpretation of OCGA § 9-11-6 (e). I therefore agree with

---

[3] I also disagree with the trial court that cases such as *Labat v. Bank of Coweta*, 218 Ga. App. 187, 188-189 (460 SE2d 831) (1995)—which held that the three-day rule did not apply to papers served by certified mail—is a proper analog to emails generated by an electronic filing system, or that it speaks to whether the text of OCGA § 9-11-6 (e) precludes application of the three-day rule to such emails.

this Court's decision to deny certiorari, but note that we should consider addressing this issue of statutory intepretation if it arises again in an appropriate case.

I am authorized to state that Chief Justice Boggs, Presiding Justice Peterson, Justice McMillian, and Justice Colvin join in this concurrence.